[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11337
Non-Argument Calendar

_____

D. C. Docket No. 03-00541-CV-J-32MMH

BRENDA W. DAVIS,

Plaintiff-Appellant,

versus

EDUCATION DEPT. SERVICES, INC.,
PIONEER CREDIT RECOVERY, INC.,
UNITED STUDENT AID FUNDS, INC.,
EQUIFAX CREDIT INFORMATION SERVICES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 31, 2006)

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Brenda W. Davis, proceeding pro se, appeals the denial of her Motion to Reopen the Case for Noncompliance [with] Settlement Agreement and Motion to Bring Immediate Action Against Sallie Mae D/B/A General Revenue Corp. ("GRC"),[1] alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. For the reasons that follow, we affirm the district court.

## I. Background

In 2003, Davis initiated this action against Education Services, Inc.; Pioneer Credit Recovery, Inc.; United Student Aid Funds, Inc.; and Equifax Credit Information Services. Davis alleged that the defendants had engaged in unlawful collection practices relating to the collection of two Parent PLUS student loans she had obtained for her son, Cartice Davis.

The parties settled the case in mediation in 2004. Pursuant to the settlement agreement, the defendants agreed to pay Davis $5,000 and to cancel the Parent PLUS loans, with a notation for credit reporting purposes that the loans had been paid in full. Davis filed a Notice of Dismissal with Prejudice and then an Amended Notice of Dismissal with Prejudice, stating in the latter that she would dismiss her case with prejudice "provided the Settlement amount is paid [by] the

---

[1] Although plaintiff's motion to bring immediate action named Sallie Mae and General Revenue Corp., the district court instructed all defendants to respond to the motion.

time established and the fulfillment of conditions are met in the Settlement Agreement" and the Court would enforce "any violation of the Agreement." The court then entered an order stating that it would "delay entry of an order of dismissal until plaintiff advises all provisions of the settlement have been satisfied." Thereafter, Davis received the $5,000 and filed a Notice of Dismissal with Prejudice, and the court entered an order dismissing the case with prejudice on December 16, 2004.

In September 2005, however, Davis filed a motion to reopen her case, alleging noncompliance with the settlement agreement. She then filed a motion to bring an immediate action against Sallie Mae, which was doing business as GRC.

Specifically, Davis contended that, in violation of the terms of her settlement, the appellees continued to harass Cartice for payment of the student loans. The district court denied Davis's motions, finding that the terms of the Settlement Agreement had not been violated.

## II. Discussion

On appeal, Davis argues that despite the Settlement Agreement, Cartice continues to receive harassing phone calls from Sallie Mae/GRC, the appellees are garnishing his pay checks, and the appellees intercepted his tax refund. Davis asserts that the appellees failed to notify other credit reporting agencies,

specifically TransUnion and Experian, of corrections to her credit report, and Equifax allowed people to view her credit report without her permission. She further argues that she is attempting to reopen the case because the appellees refuse to eliminate all of the student loan debt reported to the credit reporting agencies and refuse to stop harassing her and her family in an attempt to collect the debt.

Davis contends that she filed the notice of dismissal with prejudice and signed the releases prematurely. She argues that she is not raising new claims and suggests that the settlement agreement was supposed to include Cartice's obligations and not merely her own Parent PLUS loans. Although she realized that Cartice's name was not included in the settlement agreement, she assumed that he was nevertheless a party to the agreement as a result of her discussions with the mediator.

We review the denial of Davis's motions for an abuse of discretion. See Murchison v. Grand Cypress Hotel Corp., 13 F.3d 1483, 1485 (11th Cir. 1994) (reviewing motion to vacate dismissal and reopen settlement agreement for abuse of discretion); see also Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003) (denial of Rule 60(b) motion reviewed for abuse of discretion).

Upon review of the record and in consideration of the parties' briefs, we

4

discern no reversible error. The district court did not abuse its discretion by denying Davis's motions because Davis's complaints appear to involve matters and parties that were not the subject of the original suit and resulting settlement agreement. That is, the loan collection attempts about which Davis now complains appear to involve loans other than the Parent PLUS loans obtained by Davis, and, as such, the Settlement Agreement had no effect on the collection of those loans.

Furthermore, although Davis contends that her TransUnion and Experian credit reports are incorrect, she did not allege that the inaccuracies related to the Parent PLUS loans. In any event, neither TransUnion nor Experian was a party to the Settlement Agreement, and the terms of the Agreement do not appear to require the appellees to notify competing credit reporting agencies of the terms of the Settlement. Accordingly, we AFFIRM the district court's order.

AFFIRMED.